UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ROE AJ 1, | No. 2:24-cv-02990-DC-CSK |
| Plaintiff, | |
| v. | AMENDED[1] ORDER DENYING PLAINTIFF'S MOTION TO REMAND |
| THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, et al., | (Doc. No. 4) |
| Defendants. | |

This matter is before the court on Plaintiff's motion to remand this case to the Solano County Superior Court. (Doc. No. 4.) Pursuant to Local Rule 230(g), the pending motion was taken under submission to be decided on the papers. (Doc. No. 6.) For the reasons explained below, the court will deny Plaintiff's motion to remand.

**BACKGROUND**

On September 4, 2024, Plaintiff John Roe AJ 1 filed the complaint initiating this action in the Solano County Superior Court against Defendant Church of Jesus Christ of Latter-Day Saints

---

[1] On January 17, 2025, counsel for Defendants filed a notice and request for correction of a clerical error in the court's order denying Plaintiff's motion to remand. (Doc. Nos. 8, 10.) In that order, the court inadvertently omitted the word "not" in Footnote 1. (Doc. No. 8 at 4.) Footnote 1 incorrectly reads "Because the court finds that Defendant Napa Stake is a citizen of California . . . ." (*Id.*) In the amended order, the court has corrected this error and Footnote 2 (previously, Footnote 1) now correctly reads "Because the court finds that Defendant Napa Stake is not a citizen of California . . . ."

1

1  ("LDS Church"); Defendant Temple Corporation of the Church of Jesus Christ of Latter-Day
2  Saints ("LDS Temple"); Defendant Napa California Stake, The Church of Jesus Christ of Latter-
3  Day Saints ("Napa Stake"); and Doe Defendants 4 through 100. (Doc. No. 1-1.)

4  Therein, Plaintiff alleges he was groomed and sexually abused by a "Bishop," an adult LDS Church leader, from 2000 until 2001. (*Id.* at 2.) Plaintiff in his complaint brings the following claims against all Defendants: (1) negligence; (2) negligent supervision of a minor; (3) sexual abuse of a minor; (4) negligent hiring, supervision, and retention; (5) negligent failure to warn, train, or educate plaintiff; and (6) breach of mandatory duty. (*Id.* at 1.)

9  On October 30, 2024, Defendants LDS Church and LDS Temple filed a notice of removal asserting diversity jurisdiction exists pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Doc. No. 1.)

12 On November 26, 2024, Plaintiff filed the pending to motion to remand this case back to state court, arguing that Defendants LDS Church and LDS Temple cannot meet their burden to establish diversity of citizenship because Defendant Napa Stake is an entity independent of Defendant LDS Church and has its own citizenship in California, which is the same citizenship as Plaintiff. (Doc. No. 4.) Defendants LDS Church and LDS Temple filed their opposition to that motion on December 10, 2024, arguing that Defendant Napa Stake is not a separate legal entity from Defendant LDS Church, a Utah citizen, and thus they have met their burden to show diversity of citizenship. (Doc. No. 5.) Plaintiff did not file a reply in support of his pending motion to remand.

21 Defendants LDS Church and LDS Temple filed a statement of notice of supplemental authority on December 24, 2024. (Doc. No. 7.) The notice of supplemental authority alerted the court to a recent on-point decision within this circuit in the case *Roe JW 142 v. The Church of Jesus Christ of Latter-Day Saints, et al.,* No. 24-cv-2150-KK-SP, 2024 WL 5182415 (C.D. Cal. Dec. 20, 2024), which involves the same Plaintiff's counsel as this case and largely addresses the same issues as those raised in the pending motion.

27 /////
28 /////

2

# LEGAL STANDARD

## A. Removal Jurisdiction

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A defendant may remove any action from state court to federal court when the federal court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). Removal to federal court is proper when a case filed in state court poses a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a).

The party removing the action has the burden of establishing grounds for federal jurisdiction by a preponderance of the evidence. *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) (citing *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal statutes are strictly construed against jurisdiction. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). A federal court must remand the case to state court if there is any doubt as to right of removal. *Id.*; *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

A party's notice of removal must contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure," and a "statement 'short and plain' need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84, 87 (2014); *see also Ramirez-Duenas v. VF Outdoor, LLC*, No. 1:17-cv-0161-AWI-SAB, 2017 WL 1437595, at *2 (E.D. Cal. Apr. 4, 2017) ("The notice of removal may rely on the allegations of the complaint and need not be accompanied by any extrinsic evidence.").

# ANALYSIS

## A. Defendant Napa Stake's Citizenship

The parties do not dispute that Defendant LDS Church and LDS Temple are Utah

corporations, with their principal places of business in Utah. (Doc. No. 1 at 3.) The federal diversity jurisdiction statute provides "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). For diversity jurisdiction purposes, a corporation's "principal place of business" is its "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). A corporation's "nerve center" is typically its headquarters and "the place where a corporation's high level officers direct, control, and coordinate the corporation's activities . . . ." *Id.* at 78. Further, a corporation's division is "not an independent entity for jurisdictional purposes" because it "does not possess the formal separateness upon which the general rule is based . . . ." *Breitman v. May Co. Cal.*, 37 F.3d 562, 564 (9th Cir. 1994) (citation omitted).

In their opposition to the pending motion, Defendants LDS Church and LDS Temple assert that Defendant Napa Stake is an unincorporated, "ecclesiastical" division within the hierarchical structure of the Church of Jesus Christ of Latter-Day Saints, and therefore is a citizen of Utah for the purposes of diversity jurisdiction. (Doc. No. 5 at 5.)

On the other hand, Plaintiff argues in his motion that Defendant Napa Stake is an unincorporated association with its principal place of business in Napa, California. (Doc. No. 4-1 at 6.) According to Plaintiff, Defendant Napa Stake is an entity independent from Defendant LDS Church because it is headed by a "Stake President," "comprised of Stake clerks, secretaries, councils, and committees," maintains its own Stake Center and records, and maintains its own finances, among other reasons. (*Id.* at 9–10.) However, by Plaintiff's own suggestion in an exhibit in support of his motion to remand, this hierarchical structure is typical for "Stakes" in the Church of Jesus Christ of Latter-Day Saints. (Doc. No. 4-2 at 28.)  Further, Plaintiff's argument—that Defendant Napa Stake is an independent entity—is undercut through two allegations in his complaint. First, Plaintiff's allegation that Defendant Napa Stake is "a religious entity and subsidiary of the Church of Jesus Christ of Latter-Day Saints." (Doc. No. 1-1 at ¶ 7.) Second, Plaintiff's allegation that Defendant LDS Church "is and was at all relevant times, the religious entity, located at Vallejo, California" through which a Bishop allegedly groomed and abused Plaintiff. (*Id.* at ¶ 5.) Plaintiff also does not cite to any authority on point to support his position

4

that Defendant Napa Stake should be treated as an entity independent from Defendant LDS Church.

For these reasons, the court is not persuaded that Defendant Napa Stake is an independent entity for jurisdictional purposes.[2] Rather, Defendants have shown that Defendant Napa Stake is controlled by Defendant LDS as one of its many places of worship and is a citizen of Utah for the purposes of diversity jurisdiction. *See Roe JW 142*, 2024 WL 5182415, at *2 (finding the Stake to be part of and controlled by the Church of Jesus Christ of Latter-Day Saints and therefore not an independent entity for purposes of diversity jurisdiction). Plaintiff affirmatively alleged in his complaint that he is a resident of California, and admits he is domiciled in California in his motion to remand. (Doc. No. 4-1 at 10.)

Therefore, Defendants LDS Church and LDS Temple have met their burden of pleading complete diversity. Because there is complete diversity of citizenship and the parties do not dispute the amount in controversy exceeds $75,000, the court finds diversity jurisdiction exists pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and will deny Plaintiff's motion to remand.

**CONCLUSION**

For the reasons explained above, Plaintiff's motion to remand this case to the Solano County Superior Court (Doc. No. 4) is denied.

IT IS SO ORDERED.

Dated:   **January 21, 2025**

Dena Coggins
United States District Judge

---

[2] Because the court finds that Defendant Napa Stake is not a citizen of California for diversity jurisdiction purposes, the court declines to address the parties' respective arguments regarding whether Defendant Napa Stake is fraudulently joined and denies Plaintiff's related request for additional time to conduct discovery on that issue.

5